# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PETER LAMBESIS, CDCR #AU-0886,<br><br>Plaintiff,<br><br>vs.<br><br>MARY ABIARO, Nurse;<br>PACE, Doctor,<br>JOHN DOE, Psychiatrist,<br><br>Defendants. | Civil No.   15cv1359 MMA (NLS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS* **PURSUANT TO 28 U.S.C. § 1915(a);**<br><br>**[Doc. No. 2]**<br><br>**DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND FED.R.CIV.P. 4(c)(3)** |

Timothy Peter Lambesis ("Plaintiff"), currently incarcerated at the California Rehabilitation Center ("CRC") in Norco, California, and proceeding *pro se*, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

Plaintiff claims a nurse, doctor, and psychiatrist at the San Diego County Sheriff Department's Vista Detention Facility ("VDF") and George F. Bailey Detention Facility ("GBDF") acted with deliberate indifference to his serious medical needs in May and June 2014 by denying him medication which had been prescribed for him prior to his incarceration. *See* Compl. at 1-2, 4-7 & Attachment A ¶¶ 1-22. Plaintiff also alleges a pendent claim for "(medical) gross negligence" in violation of

California law. *Id.* at 3. Plaintiff seeks $35,500,000 in general and punitive damages. *Id.* at 9.

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

## I.     Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and he is granted leave to proceed IFP, he remains obligated to pay the full entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the . . . six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statements at CRC pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account activity, which show he has had an average monthly balance of $213.23, and average monthly deposits of $314.82 to his account over the 6-month period immediately preceding the filing of his Complaint, but an available balance of only $7.74 in his account at the time of filing. Based on this financial information, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2) and assesses an initial partial filing fee of $62.96 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to collect this initial fee only if sufficient funds in Plaintiff's account are available at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set out in 28 U.S.C. § 1915(b)(1).

**II.   Initial Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A**

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and]

accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

1 | However, while the court "ha[s] an obligation where the petitioner is pro se,
2 | particularly in civil rights cases, to construe the pleadings liberally and to afford the
3 | petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.
4 | 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not
5 | "supply essential elements of claims that were not initially pled." *Ivey v. Board of*
6 | *Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

7 | As currently pled, the Court finds Plaintiff's Complaint contains inadequate
8 | medical care claims sufficient to survive the "low threshold" for proceeding past the
9 | sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[2] *See*
10 | *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *Estelle v. Gamble*, 429 U.S.
11 | 97, 103 (1976) (prison officials may be held liable under the Eighth Amendment if
12 | they act with deliberate indifference to serious medical needs); *id.* at 104-05
13 | (deliberate indifference may be shown if prison officials "intentionally deny[] or
14 | delay[] access to medical care or intentionally interfer[e] with the treatment once
15 | prescribed."); *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1241-44 (9th Cir.
16 | 2010) (applying *Estelle's* Eighth Amendment deliberate indifference standard to
17 | inadequate medical care claims alleged to violate a pretrial detainees' due process
18 | rights).

19 | Accordingly, the Court will direct the U.S. Marshal to effect service upon
20 | Defendants[3] on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

[3] Plaintiff must, of course, identify the Defendant he lists only as John Doe, and whom he currently describes as a "Psychiatrist MD at S.D. County Jail," *see* Compl. at 2, by his true name and substitute that individual person in place of John Doe by amending his Complaint to identify that party before the United States Marshal will be ordered to execute service upon him. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within 120 days of the commencement of the action against them); FED. R. CIV. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). And when the plaintiff proceeds IFP, it is in most instances impossible for the

shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### III. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect the $62.96 initial filing fee assessed by this Order from Plaintiff's prison trust account, and forward the remaining balance of the full $350.00 owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeffrey A. Beard, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

---

United States Marshal to serve a summons and complaint upon a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."). However, the Court will not dismiss Plaintiff's claims against John Doe at this time because where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits plaintiff the opportunity to pursue appropriate discovery to identify the unknown Doe, unless it is clear that discovery would not uncover his identity, or that his Complaint should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (Doc. No. 1) upon Defendants and forward it to Plaintiff along with blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint (ECF Doc. No. 1), and the summons so that he may serve Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

6. **ORDERS** Defendants to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

7. **ORDERS** Plaintiff to serve upon Defendants or, if an appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document he wishes the Court to consider. Plaintiff must include with the original paper to be filed with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of the document was served on Defendants, or counsel for Defendants, and the date of that service. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

**IT IS SO ORDERED**.

DATED: September 8, 2015

/s/ Michael M. Anello

HON. MICHAEL M. ANELLO
United States District Judge