# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PETER LAMBESIS,<br><br>                              Plaintiff,<br><br>v.<br><br>ABARIO, et al.,<br><br>                              Defendants. | Case No.: 15cv1359-MMA (NLS)<br><br>**ORDER GRANTING DEFENDANT LEAVE TO FILE AMENDED COMPLAINT AND EXTENDING TIME FOR SERVICE;**<br>[Doc. No. 12]<br>**GRANTING IN PART MOTION FOR RECONSIDERATION**<br>[Doc. No. 14] |

Plaintiff Timothy Peter Lambesis is a California state prisoner, proceeding *pro se* in this civil rights action. Plaintiff alleges that Defendant Nurse Abario committed medical malpractice when she failed to log his prescription for anastrozole upon his arrival at Vista Detention Facility in Vista, California. *See* Doc. No. 1. Plaintiff further alleges that Defendant Doctor Pace and Defendant Psychiatrist Doe violated his Eighth Amendment right to adequate medical care by refusing to provide his anastrozole prescription. *Id*. On January 7, 2016, the Court granted Defendant Abario's unopposed motion to dismiss and dismissed Plaintiff's claims against Abario. *See* Doc. No. 10. The Court also ordered Plaintiff to show cause why this action should not be dismissed as to

Defendants Pace and Doe based on Plaintiff's failure to serve either defendant with the summons and complaint pursuant to Federal Rule of Civil Procedure 4(m). *Id.* Plaintiff now moves for an extension of time in which to effect service on Defendants Pace and Doe, and requests that the Court "correct" the docket and Plaintiff's complaint to identify Defendant Psychiatrist Doe by his true name, Robert Enriquez. *See* Doc. No. 12. Plaintiff also moves for reconsideration of the Court's previous order dismissing his claims against Defendant Abario. *See* Doc. No. 14.

## **DISCUSSION**

### 1. *Defendant Pace*

On November 5, 2015, the U.S. Marshal returned Plaintiff's USM Form 285 unexecuted as to Defendant Pace. According to Plaintiff, the form contained a notation that Defendant Pace "now works at UCSD." Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Similarly, Civil Local Rule 4.1.a provides that "[a]ll complaints must be served within ninety (90) days. Any extension will be granted only upon good cause shown." The Court enjoys broad discretion under Rule 4(m) to extend time for service even without a showing of good cause. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001); *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding that district court may, under the broad discretion granted by Fed. R. Civ. P. 4(m), extend time for service retroactively after the service period has expired).

Here, the Court will exercise its discretion to grant Plaintiff an extension of time to serve Defendant Pace with the summons and complaint. It appears the only reason the U.S. Marshal was unable to effect service upon Pace is due to the presumably confidential nature of his forwarding address. Thus, as long as the privacy of Defendant

Pace's forwarding address can be preserved, Plaintiff is entitled to rely on the U.S. Marshal to effect service upon Pace on his behalf. *See Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). The Court will direct the Deputy Attorney General assigned to this case to provide any forwarding address in his or her possession, or which is easily obtainable from the CDCR's personnel records, for Defendant Pace. The Deputy Attorney General will provide that address to the U.S. Marshal in a confidential memorandum indicating that the summons and Plaintiff's complaint is to be served upon Defendant Pace at that address.

## 2. *Defendant Doe/Enriquez*

On November 12, 2015, the U.S. Marshal returned Plaintiff's USM Form 285 unexecuted as to Enriquez, with a notation that Enriquez could not be served until he is identified by name in Plaintiff's complaint. John Doe defendants cannot be served by the U.S. Marshal until Plaintiff has identified them as actual individuals <u>and</u> amended his complaint to substitute the defendant's true name for John Doe. Accordingly, the Court will grant Plaintiff leave to file an amended complaint that substitutes Robert Enriquez for Defendant Psychiatrist Doe. Once Plaintiff has filed an amended complaint, he will need to follow the proper procedure for effecting service upon Enriquez.

## 3. *Defendant Abario*

Plaintiff moves for reconsideration of the Court's order dismissing Plaintiff's claims against Defendant Abario pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff asserts that he "suffered a chronic case of influenza over the holiday season and inadvertently failed" to oppose Defendant Abario's motion to dismiss. *Pl. Mot.* at 1.

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). The court has

"considerable discretion" in considering a Rule 59(e) motion. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Upon due consideration, the Court will grant Plaintiff's motion for reconsideration in part, and vacate its previous order dismissing Plaintiff's claims against Defendant Abario. The Court will set a briefing schedule on Defendant Abario's motion to dismiss, providing Plaintiff an opportunity to file a response in opposition to the motion so that the Court can determine the matter on its merits.

## **Conclusion**

Accordingly, for the reasons set forth above,

1. The Court **GRANTS** Plaintiff sixty (60) days from the date of this Order to effect service upon Defendant Pace. The Clerk of Court is instructed to provide Plaintiff with an additional "IFP Package" consisting of: (1) a copy of this Order; (2) a certified copy of Plaintiff's complaint [Doc. No. 1]; (3) a duplicate summons [Doc. No. 4]; (4) a copy of the Court's September 8, 2015 Order granting Plaintiff IFP status [Doc. No. 3]; and (5) a blank U.S. Marshal Form 285 for purposes of re-attempting service as to Defendant Pace. Plaintiff must forward the IFP Package to the U.S. Marshal within thirty (30) days of receipt.

2. The Court **ORDERS** that pursuant to Fed. R. Civ. P. 4(c)(3), (m), and 28 U.S.C. § 1915(d), the U.S. Marshal will, within 30 (thirty) days of receiving Plaintiff's U.S. Marshal Form 285 and receipt of Defendant Pace's confidential forwarding address, effect service of Plaintiff's complaint and summons upon Defendant Pace, as directed by Plaintiff on the new U.S. Marshal Form 285 provided to him herein. Defendant Pace's address will not appear on any U.S. Marshal Form 285, will not be provided to Plaintiff, and will not be made part of the Court's record. All costs of service shall be advanced by the United States pursuant to the Court's September 8, 2015 Order [Doc. No. 3] granting Plaintiff leave to proceed IFP and directing service pursuant to 28 U.S.C. § 1915(d) and Fed. R .Civ. P. 4(c)(3).

3. The Court **GRANTS** Plaintiff forty-five (45) days leave from the date of this

Order in which to file an amended complaint that substitutes Robert Enriquez for Defendant Psychiatrist Doe.  Plaintiff's amended complaint must be complete in itself without reference to Plaintiff's original complaint.  *See* S.D. Cal. CivLR. 15.1.  Defendants not named and claims not re-alleged in the amended complaint will be considered waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Once Plaintiff's amended complaint is filed, the Clerk of Court will issue a new summons and provide Plaintiff with an additional "IFP Package" for purposes of attempting service as to Defendant Enriquez.

  4. The Court **GRANTS IN PART** Plaintiff's motion for reconsideration [Doc. No. 14] and **VACATES** its January 7, 2016 Order [Doc. No. 10] dismissing Plaintiff's claims against Defendant Abario.  The Court **SETS** the following briefing schedule on Defendant Abario's motion to dismiss [Doc. No. 7]:

  a. Plaintiff must file a response in opposition to Defendant Abario's motion to dismiss on or before **March 18, 2016**.

  b. Defendant Abario may file a reply in support of the motion to dismiss on or before **March 25, 2016**.

  c. Upon completion of the briefing, the Court will take the motion under submission on the papers and issue a written ruling in due course.  *See* SD CivLR 7.1.d.1.

The Court cautions that it is incumbent upon Plaintiff to prosecute this action in a timely manner.  The Court will not grant any further extensions of the deadlines set forth herein absent a showing of good cause, or if the deadline has passed, excusable neglect.  *See* Fed. R. Civ. P 6(b)(1).

**IT IS SO ORDERED**.

DATE: February 9, 2016

            _____
            HON. MICHAEL M. ANELLO
            United States District Judge