# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PETER LAMBESIS,<br><br>                                  Plaintiff,<br><br>v.<br><br>ABIARO, et al.,<br><br>                                  Defendants. | Case No.:  15cv1359-MMA (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ABIARO'S MOTION TO DISMISS**<br><br>[Doc. No. 7] |

Plaintiff Timothy Peter Lambesis is a California state prisoner, proceeding *pro se* in this civil rights action.  Plaintiff alleges that Defendant Nurse Abiaro was medically negligent when she failed to log his prescription for anastrozole upon his arrival at Vista Detention Facility in Vista, California.  *See* Doc. Nos. 1, 18.  On January 7, 2016, the Court granted Defendant Abiaro's unopposed motion and dismissed Plaintiff's claim against Abiaro based on Plaintiff's failure to oppose dismissal.  *See* Doc. No. 10. Plaintiff moved for reconsideration of the Court's order dismissing his claim against Defendant Abiaro.  *See* Doc. No. 14.  The Court granted Plaintiff's motion in part, vacated its previous dismissal order, and gave Plaintiff leave to oppose Defendant Abiaro's motion.  *See* Doc. No. 15.  Plaintiff subsequently filed his response in opposition to Defendant Abiaro's motion to dismiss.  *See* Doc. No. 17.  For the reasons

1

set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Abiaro's motion.

## BACKGROUND[1]

On May 16, 2014, Plaintiff appeared in state court in Vista, California, for a sentencing hearing. Subsequent to the hearing, bailiffs escorted Plaintiff to Vista Detention Facility. Plaintiff carried with him on his person a prescription from his private physician for anastrozole, a medication prescribed to combat the side effects of withdrawal from anabolic steroids. Plaintiff had been self-administering large doses of anabolic steroids long term and he was supposed to begin the once-daily anastrozole regimen immediately.

Upon his arrival at Vista Detention Facility, Defendant Abiaro medically cleared Plaintiff for admission to the facility. According to Plaintiff, he handed Abiaro the anastrozole prescription and she advised him that the facility did not customarily stock anastrozole. Abiaro told Plaintiff that he would have to wait for a facility physician to prescribe the medication. Plaintiff informed Defendant Abiaro that he needed the medication immediately, and Abiaro advised him that he would be scheduled to see a physician as soon as possible.

Plaintiff alleges that Defendant Abiaro failed to log his anastrozole prescription into his medical record. Plaintiff claims that this negligent act resulted in a delay in receiving the medication, and in the interim, a denial of necessary medical treatment. Plaintiff states that he was not seen by a physician until his transfer to a different facility on May 25, 2014. Plaintiff alleges that as a result of not receiving his medication for that ten day period, he experienced "exponential terror" as he "contemplated the very potentials [sic] of my suffering male breast development." *Complaint* ¶ 8. Plaintiff avers that he now suffers from gynecomastia due to the hormonal imbalance caused by the

---

[1] This description of events is taken from Plaintiff's complaint and is not to be construed as findings of fact by the Court.

failure to receive his prescribed medication until July 17, 2014.

Defendant Abiaro moves to dismiss Plaintiff's medical negligence claim, as well as his claim against her for punitive damages.

## DISCUSSION

### 1. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), *citing Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Furthermore, the court must give a *pro se* litigant leave to amend his

complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted) (citing *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987)). Thus, before a *pro se* civil rights complaint may be dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi*, 839 F.2d at 623-24. But where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

*2.    Analysis*

The elements of a medical negligence claim include: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Avivi v. Centro Medico Urgente Medical Center*, 159 Cal. App. 4th 463, 468, n.2 (2008) (internal quotations and citation omitted); *Johnson v. Superior Court*, 143 Cal. App. 4th 297, 305 (2006).

Plaintiff alleges that Defendant Abiaro owed a duty to provide him proper medical care, and that by failing to log into his medical record a physician's previously administered prescription for anastrozole, Defendant Abiaro breached that duty. Plaintiff further alleges that Defendant Abiaro's negligent act caused a concomitant denial of medical treatment, causing him to suffer painful side effects from his consequential anabolic steroid withdrawal.

Defendant Abiaro argues that Plaintiff fails to state a plausible claim for medical negligence because "[a]s a jail nurse, Nurse Abiaro is not authorized to prescribe drugs; she is only permitted to dispense drugs on the order of a licensed physician." *Reply* at 2 (citing Calif. Bus. & Prof Code §§ 4170 (c), 2725.1(a)). However, Plaintiff does not claim that Abiaro should have personally prescribed him anastrozole. Plaintiff alleges that he presented Abiaro with a prescription from his private physician, which he further alleges she failed to include in his medical record. Abiaro also argues that Plaintiff

suffered no harm as a result of her alleged mishandling of his prescription, but Plaintiff alleges otherwise. According to Plaintiff, ten days elapsed between his encounter with Abiaro and his first visit with a physician, during which time he suffered "exponential terror" and had begun experiencing withdrawal from anabolic steroids.

While Plaintiff's allegations fall far short of stating a constitutional violation, he need not do so in order to pursue a supplemental state law negligence claim against Defendant Abiaro. *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir.1998) (no constitutional claim for alleged delay in administering pain medication, because the claim did not amount to more than negligence). Construing Plaintiff's pleadings liberally, as the Court must, Plaintiff has stated a plausible claim for medical negligence against Defendant Abiaro.

Defendant Abiaro also moves to dismiss Plaintiff's punitive damages claim against her. Abiaro cites California Code of Civil Procedure Section 425.13 in support of dismissal, but district courts in this circuit have concluded that this provision is a state procedural rule that does not apply to actions brought in federal court. *Estate of Prasad ex rel. Prasad v. Cnty. of Sutter*, 958 F. Supp. 2d 1101, 1121 (E.D. Cal. 2013) ("[T]he plain meaning of Rule 8(a)(3) conflicts with Cal. Civ. Proc. Code § 425.13, making § 425.13 inapplicable in federal court."); *Jackson v. E. Bay Hosp.*, 980 F. Supp. 1341, 1352 (N.D. Cal. 1997) ("The requirement is essentially a method of managing or directing a plaintiff's pleadings, rather than a determination of substantive rights."); *Burrows v. Redbud Cmty. Hosp. Dist.*, 188 F.R.D. 356, 361 (N.D. Cal. 1997) ("[S]ection 425.13 is a procedural rule for managing and directing pleadings: it does not create substantive limits on the damages a plaintiff may seek."). However, Plaintiff's punitive damages claim is subject to dismissal based on the other grounds raised by Defendant Abiaro, including Plaintiff's failure to allege the necessary intent. The Court also notes that Plaintiff did not respond to this aspect of Defendant Abiaro's motion to dismiss.

///

///

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Abiaro's motion to dismiss.  The Court dismisses Plaintiff's punitive damages claim against Defendant Abiaro.  Plaintiff's medical negligence claim against Defendant Abiaro will proceed.

**IT IS SO ORDERED**.

DATE: April 11, 2016

_____
HON. MICHAEL M. ANELLO
United States District Judge